*14-4761-cr*
*United States of America v. George S. Crandall*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
                  ROSEMARY S. POOLER,
                  BARRINGTON D. PARKER,
                              *Circuit Judges.*

-----

UNITED STATES OF AMERICA,

                    *Appellee,*                              14-4761-cr

          v.

GEORGE S. CRANDALL,

                    *Defendant-Appellant.*

-----

FOR APPELLEE:                          Cyrus P. Rieck, Rajit S. Dosanjh, *on the brief*, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:    Ryan Thomas Truskoski, Office of Ryan Thomas Truskoski, P.A., Harwinton, CT.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick S. Scullin, Jr., *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant George S. Crandall ("Crandall") appeals the December 17, 2014 judgment of the District Court, finding pursuant to 18 U.S.C. § 3583(e)(3) that the defendant violated the terms of his supervised release by driving while intoxicated ("DWI"). On December 17, 2014, he was sentenced to twelve months imprisonment followed by one year of supervised release.[1] On appeal, Crandall argues that there was insufficient evidence to support the District Court's finding, even under a preponderance of the evidence standard. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## BACKGROUND

On June 28, 2011, Crandall was found guilty following a jury trial in the District Court in the N.D.N.Y. on one count of possession of a firearm as a previously convicted felon and one count of possession of ammunition as a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 9, 2012, Crandall was sentenced primarily to thirty three months imprisonment followed by two years of supervised release. *See United States v. Crandall*, 748 F.3d 476 (2d Cir. 2014).

Following his release, Crandall was arrested by the Sheriff's Office of Hamilton County, New York and charged with a felony DWI on November 2, 2014. The U.S. Probation Office for the N.D.N.Y. subsequently filed a petition for revocation of Crandall's supervised release, alleging Crandall engaged in new criminal conduct, namely the felony DWI. *See* 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State or local crime during the term of supervision…).

On December 10, 2014, a final revocation hearing was held at which Crandall was found to have violated his supervised release. The District Court later sentenced him to twelve months imprisonment followed by one year of supervised release. Crandall filed a timely appeal.

---

[1] Both parties agree that the issue is not moot because: (1) Crandall is in prison until November 2016 for violation of supervised release; and (2) Crandall has yet to be sentenced for two unrelated violations of supervised release and this ruling could affect his sentence as they represent breaches of the court's trust.

## DISCUSSION

Whether there is sufficient evidence to establish a violation of supervised release is a factual question, which we review for clear error. *See, e.g., United States v. Carthen*, 681 F.3d 94, 99, (2d Cir. 2012), *cert. denied*, 133 S.Ct. 837 (2013). It is well-settled that a District Court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." *Id.* at 99–100. Because of the lower standard of proof applicable to revocation proceedings, a District Court may find that a defendant has committed another crime even in the absence of a conviction for that crime. *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). "The constitutional rights afforded a defendant subject to revocation of supervised release for violation of its conditions are not co-extensive with those enjoyed by a suspect to whom the presumption of innocence attaches." *Id.* at 802.

Crandall argues that the government did not present sufficient evidence at his final revocation hearing on December 10, 2014 to support the District Court's finding, even under a preponderance of the evidence standard. We disagree. The District Court relied on at least four items of evidence. First, Sergeant Kevin Branius of the Sheriff's Office of Hamilton County testified that Crandall's "eyes were bloodshot, he was slurring his words, he was moving his arms around, inconsistent with… someone that's sober." Appendix at 85. Second, Crandall's probation officer, Jay Driscoll, testified that he received a fax saying that Crandall was involved in a car accident "due to a Doe and her fawn jumping out in the road"—an explanation of the accident that is inconsistent with what Crandall told Sergeant Branius, namely that "he had a tire blowout, causing him to crash." Appendix at 84. Third, Crandall evaded taking a blood test at the hospital, despite being asked at least twice. Fourth, the government entered Crandall's prior DWI conviction from June 30, 2009 into the record. While there was no field sobriety test or corroborating evidence from the hospital record, the evidence is sufficient for the District Court to make a finding of "more likely than not" under a preponderance of the evidence standard. Accordingly, we find that there was no clear error.

## CONCLUSION

We have considered all of appellant's claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3